UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**VERONICA BOATMAN, #186291**                                                              **PETITIONER**

**VERSUS**                                                              **CAUSE NO. 3:14-cv-42-CWR-FKB**

**BRIAN LADNER, WARDEN**                                                              **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Veronica Boatman, an inmate of the Mississippi Department of Corrections, files this *pro se* Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254. Having considered the pleadings pursuant to 28 U.S.C. § 2254 (b)(1)(A) and (c) and applicable case law, the Court finds that Petitioner has failed to exhaust her available state court remedies.

I. BACKGROUND

On September 23, 2013, Petitioner was convicted of manslaughter in the Circuit Court of Scott County, Mississippi. She was sentenced to serve twenty- years in the custody of the Mississippi Department of Corrections. As grounds for habeas relief, Petitioner claims her guilty plea was involuntary and she received ineffective assistance of counsel. Petitioner is requesting a lesser sentence or release from incarceration.

II. ANALYSIS

Pursuant to 28 U.S.C. § 2254(b)(1), "a defendant must exhaust all claims in state court prior to requesting federal collateral relief." *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2008)(citing *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001)). In order to satisfy the exhaustion requirement, the substance of the federal claim must have been fairly presented to the

highest state court. *Soffar v. Dretke*, 368 F.3d 441, 465 (5th Cir. 2004). A petitioner must "afford the state court a fair opportunity to apply controlling legal principles to facts bearing upon his constitutional claim." *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013) (citation and internal quotation marks omitted).

In order to determine if Petitioner exhausted the state remedies available to her, this Court entered an Order [3] directing her to file an amended petition to state whether she has filed any petitions, applications or motions with respect to her conviction and sentence in any state or federal court. The Order also directed Petitioner to "specifically state if she has filed a motion for relief under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29." Order [3] at 1. Petitioner filed her Response [4] on February 19, 2014, which stated that she has "not filed any other petitions, applications or motions regarding [her] conviction or sentence in any other court, state or federal court." Resp. [4] at 1.

Petitioner has an available state court remedy under the Mississippi Uniform Post-Conviction Collateral Relief Act. Miss. Code Ann. § 99-39-1, *et seq*. This statute provides an avenue for an inmate to challenge her incarceration based upon a claim that her conviction or sentence "was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi" or "that her plea was made involuntarily." Miss. Code Ann. § 99-39-5(1)(a) and (g); *see e.g., Trotter v. State*, 907 So. 2d 397, 400-01 (Miss. Ct. App. 2005) (finding inmate's claim that his guilty plea was involuntary and that he received ineffective assistance of counsel to be properly pursued as a motion for relief under the Uniform Post-Conviction Collateral Relief Act).

Since Petitioner plainly states that she has not filed any challenge to her conviction and sentence with the state courts, it is clear that she has not satisfied the exhaustion requirement of 28

U.S.C. § 2254(b)(1)(A) and (c).  As such, Petitioner's request for habeas relief will be dismissed for failure to exhaust her available state court remedies.  *See Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011)("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.").

### III.  CONCLUSION

For the reasons stated herein, Petitioner's request for habeas relief will be dismissed for failure to exhaust her available state court remedies.  A Final Judgment in accordance with this Memorandum Opinion and Order will be issued this date.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner Veronica Boatman's *pro se* Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254, is dismissed without prejudice.

**SO ORDERED AND ADJUDGED**, this the 20th day of February, 2014.


                                                    s/Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE